OPINION
 "THE COURT EXCEPTED (SIC) THE INVOLUNTARY, UNKNOWING PLEA OF GUILTY TO THE ORIGINAL CHARGES OF THE BILL OF INFORMATION, INCLUDING THE ERRONEOUS (VIOLENCE SPECIFICATION). (SIC).
The following facts are relevant to this appeal. Appellant was indicted in 1987 for one count of grand theft and four counts of receiving stolen property, both with prior offense of violence specifications. Appellant pled guilty and a judgment entry on his sentencing was filed on June 26, 1987. Appellant filed various motions in 1987 to suspend his sentence which were denied by the trial court.
On August 27, 1997, appellant filed a motion to withdraw his guilty plea pursuant to Crim.R. 32.1.[1] On September 22, 1997, the trial court denied the motion. Appellant filed a timely notice of appeal.
Crim.R. 32.1 provides:
 "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."
In State v. Smith (1977), 49 Ohio St.2d 261, paragraphs one, two and three of the syllabus, the Ohio Supreme Court held:
 "1. A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice. (Crim.R. 32.1.)
 "2. A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court.
 "3. An undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion."
Upon a thorough review of the record in this case and the application of the above law, this court concludes that appellant has failed to establish the existence of manifest injustice; that the undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of his motion under Crim.R. 32.1 adversely affects the credibility of appellant and militates against the granting of the motion; and that the trial court did not abuse its discretion in denying appellant's motion to withdraw his guilty plea.
Accordingly, appellant's assignment of error is found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
 Peter M. Handwork, P.J.
 George M. Glasser, J.
 Richard W. Knepper, J.
CONCUR.
[1] On September 4, 1990, this court dismissed as untimely an appeal from the trial court's dismissal of appellant's first petition for post-conviction relief. On July 11, 1997, this court affirmed the trial court's denial of appellant's second petition for post-conviction relief.